UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────────────────────

CYNTHIA A. CONSTANTINO-GLEASON,

                      Plaintiff,        Civil Action No.:
                                                    6:21-cv-06327-JLS

    against

STATE OF NEW YORK UNIFIED COURT SYSTEM, NEW
YORK STATE OFFICE OF COURT ADMINISTRATION,
HON. CRAIG J. DORAN, Individually and in his Official
Capacity as District Administrative Judge of the Seventh
Judicial District, HON. TERESA D. JOHNSON, Individually
and in her Official Capacity as Supervising Judge of City
Courts in the Seventh Judicial District, and KAY-ANN
PORTER CAMPBELL, ESQ., Individually and in her Official
Capacity as Managing Inspector General for Bias Matters,

                      Defendants.

───────────────────────────────────────────────

## PLAINTIFF'S SUR-REPLY MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

                                    Joseph A. DeTraglia, Esq., P.C.
                                    *Attorney for Plaintiff*
                                    Joseph A. DeTraglia, Of Counsel
                                    P.O. Box 53
                                    Clinton, New York 13323
                                    Tel.: (315) 790-8822
                                    jd@detraglialawfirm.com

# TABLE OF CONTENTS

TABLE OF AUTHORITIES……………...……………………………………...…[3]

PRELIMINARY STATEMENT……………………………………………………….1

ARGUMENT……………...…………………………………………….……………1

    I.    DEFENDANTS' LATE-ADDED ARGUMENT CREATES SOME CONFUSION IN RELATION TO THE PENDING PARTIAL MOTION TO DISMISS...………………...1

        A.  It Is Difficult To Discern Where And How Defendants' New Argument Concerning Sovereign Immunity Fits Within Defendants' Overall Motion to Dismiss...…………1

        B.  If Plaintiff Has Correctly Identified Defendants' New Argument Concerning Sovereign Immunity, Defendants' New Argument Is Either Inapplicable Or Of Extremely Limited Scope…………………………………………………………..2

CONCLUSION……………………………………………………………………………3

# TABLE OF AUTHORITIES

**Cases**                                                                                        **Page(s)**

*Forrester v. White*, 484 U.S. 219 (1988)……………………………………………………….2


**Statutes**

New York State Human Rights Law, N.Y. Exec. L. §290 *et seq*..……………………………..2, 3


**Constitutions**

U.S. Constitution, Eleventh Amendment……………………………………………………….1, 2

## PRELIMINARY STATEMENT

Defendants have moved to dismiss Plaintiff's second, third, fourth and fifth causes of action and the punitive damages request set forth in Plaintiff's amended complaint. ECF No. 13. Plaintiff filed a memorandum of law in opposition to Defendants' motion (ECF No. 16), and Defendants filed a memorandum of law in reply on November 22, 2021 which contained new argument. ECF No. 19. By Order dated December 1, 2021, the Court granted Plaintiff permission to respond to Defendants' new argument in this sur-reply.

## ARGUMENT

I. DEFENDANTS' LATE-ADDED ARGUMENT CREATES SOME CONFUSION IN RELATION TO THE PENDING PARTIAL MOTION TO DISMISS.

   A. It Is Difficult To Discern Where And How Defendants' New Argument Concerning Sovereign Immunity Fits Within Defendants' Overall Motion to Dismiss.

In their motion to dismiss, Defendants had originally requested dismissal of certain claims contained in Plaintiff's Amended Complaint based on the Eleventh Amendment to the United States Constitution. In order to understand where and how Defendants' new argument concerning sovereign immunity fits into Defendants' overall motion to dismiss, Plaintiff must restate the "linear" summary of Defendants' arguments, as outlined by counsel as follows:

> To summarize, linearly, Defendants' arguments for dismissal of all claims against the individual Defendants are: (1) the individual Defendants in their individual capacities have absolute judicial and/or quasi-judicial immunity; that means that only Plaintiff's official capacity claims brought pursuant to §1983 remain against the individual Defendants after application of that doctrine (there is no such thing as an official capacity claim under either Title VII or the NYSHRL); (2) as to her remaining official capacity §1983 claims, Plaintiff is limited to recovering non-monetary, prospective injunctive and declaratory relief for alleged violations of her federal constitutional rights because of Eleventh Amendment sovereign immunity; and, (3) Plaintiff's claims seeking non-monetary, prospective injunctive and declaratory relief for alleged violations of her federal constitutional rights could have been raised in her Article 78 proceeding and arose out of the same transaction or series of transactions, therefore, they are barred by claim preclusion. The result of all of which is that the

only claims remaining after the instant motion are Plaintiff's claims pursuant to Title VII against UCS and OCA. (ECF No. 19, pp. 5-6.)

Defendants' only reference to Eleventh Amendment sovereign immunity in this linear summary is contained within subpoint no. "(2)" above.[1] If understood correctly, it appears that Defendants' argument concerning Eleventh Amendment sovereign immunity has expanded from seeking dismissal of certain official capacity claims against three individual defendants to also seeking dismissal of Plaintiff's claims under the New York State Human Rights Law ("NYSHRL") against UCS and OCA (and/or dismissal of official capacity claims against three individual defendants brought under NYSHRL, though counsel asserts no such claim exists).[2]

B. If Plaintiff Has Correctly Identified Defendants' New Argument Concerning Sovereign Immunity, Defendants' New Argument Is Either Inapplicable Or Of Extremely Limited Scope.

If Defendants' new argument is that Plaintiff's claims brought under NYSHRL against UCS and OCA (and/or brought under NYSHRL against individual defendants named in their

---

[1] Defendants' linear arguments which are admittedly "dependent on each other" and "cumulative" (ECF No. 19, p. 5) collapse upon themselves and necessarily fail given that the very first step is founded on the mistaken premise that the "individual defendants in their individual capacities have absolute judicial and/or quasi-judicial immunity" (*id.*); however, employment decisions made by state court system judges are not judicial or quasi-judicial. *Forrester v. White*, 484 U.S. 219, 229-30 (1988) ("In the case before us, we think it clear that Judge White was acting in an administrative capacity when he demoted and discharged Forrester. Those acts - like many others involved in supervising court employees and overseeing the efficient operation of a court - may have been quite important in providing the necessary conditions of a sound adjudicative system. The decisions at issue, however, were not themselves judicial or adjudicative....We conclude that Judge White was not entitled to absolute immunity for his decisions to demote and discharge Forrester.")

[2] Subpoint no. (2) acknowledges that "because of Eleventh Amendment sovereign immunity," Plaintiff may recover limited forms of relief in this civil rights action from certain defendants, but subsequently Defendants argue erroneously that *res judicata* should apply to certain other claims asserted by Plaintiff based on retaliatory acts taken by Defendants in violation of Plaintiff's civil rights which occurred, indisputably, <u>after</u> the events and timeframes at issue in the Article 78 proceeding which challenged Defendants' grievance determinations and Defendants' application of civil service rules.

official capacities) cannot go forward due to Eleventh Amendment sovereign immunity, then such an argument is either inapplicable or of extremely limited scope.  Specifically, the only claims in Plaintiff's Amended Complaint brought pursuant to NYSHRL are Plaintiff's Second Claim and Plaintiff's Third Claim, which were asserted against three defendants in their individual and official capacities.  No NYSHRL claims were asserted against UCS or OCA in Plaintiff's Amended Complaint.  Defendants are now arguing that Plaintiff cannot bring NYSHRL claims against UCS or OCA, but have not explained whether they are also arguing that Plaintiff cannot bring NYSHRL claims against the individual defendants in one capacity or another.  As explained above in footnote 1, claims against the individual defendants cannot be dismissed on immunity grounds.  To cut through this confusion, and stated simply, Plaintiff's claims under NYSHRL cannot be dismissed either on judicial immunity grounds or on sovereign immunity grounds.

## CONCLUSION

Plaintiff respectfully requests that the Court deny Defendants' motion to dismiss in its entirety.  To the extent the Court is not so inclined, Plaintiff respectfully requests that any partial dismissal be without prejudice and that Plaintiff be permitted leave to amend in order to correct any pleading deficiencies prior to final dismissal of any of Plaintiff's claims.

Dated: December 10, 2021  
      Clinton, New York

Respectfully submitted,

/s/Joseph A. DeTraglia  
Joseph A. DeTraglia, Esq., P.C.  
P.O. Box 53  
Clinton, New York 13323  
(315) 790-8822  
jd@detraglialawfirm.com